IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ECHO LINDSEY MCDANIEL, | : | |
| | : | |
| Petitioner, | : | |
| VS. | : | NO. 3:23-CV-00119-TES-CHW |
| | : | |
| WALTON COUNTY JAIL, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

## ORDER

*Pro se* Petitioner Echo Lindsey McDaniel, an inmate presently confined at the Walton County Jail in Monroe, Georgia, has filed a pleading that was construed as a federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner also seeks leave to proceed *in forma pauperis* in this action (ECF No. 2). For the following reasons, Petitioner is **ORDERED** to (1) recast her pleading on the appropriate form and (2) either pay the Court's filing fee or file a complete and proper motion for leave to proceed *in forma pauperis* if she wishes to proceed with this action.

### ORDER TO RECAST

Petitioner has submitted a form for filing a complaint pursuant to 28 U.S.C. § 2241 (ECF No. 1). On this form, Petitioner appears to challenge her current pretrial detention related to state court cases 11CR-1028-4, 2022-2227, and 2022-2028. Pet. 1, ECF No. 1. In addition, Petitioner complains about the circumstances of her arrest, noting that she was arrested without a valid warrant and "was badly beaten by the arresting officer." *Id.* at 7.

Petitioner seeks "immediate release from custody" and unspecified injunctive relief as a result of the constitutional violations she alleges in her Petition. *Id.*

Petitioner appears to be combining two different types of federal claims in her Petition. As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). In other words, "[f]ederal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). But "when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis,* 693 F.2d at 1057). A prisoner cannot obtain a dismissal of pending charges or speedier release through a § 1983 action, and she cannot seek monetary compensation in a federal habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).

In this case, to the extent Petitioner is challenging her pretrial detention and seeks "immediate release," her claims would arise under 28 U.S.C. § 2241. But Petitioner has already filed a § 2241 petition that is proceeding in this Court and challenges her current pretrial detention. *McDaniel v. Walton Cnty. Jail*, Pet. 1, ECF No. 1 in Case No. 3:23-cv-00114-TES-CHW (M.D. Ga. Oct. 16, 2023). On November 3, 2023, Petitioner was ordered to amend or supplement her petition to include information about her exhaustion

of administrative remedies and to add any unalleged possible constitutional errors or deprivations that would entitle her to federal habeas corpus relief under § 2241. *Id.* at 2-3. Thus, any § 2241 claims Petitioner is making in this case should instead be raised in Case Number 3:23-cv-00114-TES-CHW, and Petitioner may raise those claims in Case Number 3:23-cv-00114-TES-CHW by amending or supplementing her petition in that case as she was ordered to do.

To the extent Petitioner is claiming that state actors violated her constitutional rights when she was arrested by using excessive force or otherwise, her claims would likely arise under 42 U.S.C. § 1983. If Petitioner wishes to file a § 1983 action, she is therefore **ORDERED** to recast her Petition on the Court's § 1983 form. The Clerk of Court is **DIRECTED** to forward Petitioner a copy of the Court's standard § 1983 form, marked with the case number of the above-captioned action. **The recast pleading shall supersede (take the place of) her initial pleading (ECF No. 1).** The Court will not look back at this document, or any other document Petitioner has already filed in this action, to determine whether Petitioner has an actionable federal claim. Petitioner should therefore include any facts or allegations she wishes the Court to consider in her recast pleading, even if she has alleged it in some other filing. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to recast her pleading on the proper form.

## ORDER TO PAY FILING FEE OR SUBMIT MOTION TO PROCEED IFP

Petitioner has also moved to proceed *in forma pauperis* in this action (ECF No. 2). The Court has reviewed Petitioner's motion and finds it is incomplete. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of her claim of

3

indigence and (2) "a certified copy of [her] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Petitioner has not submitted a certified copy of her prison trust fund account information. Accordingly, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to either pay the $402.00 filing fee for a § 1983 action or to file a proper motion to proceed without the prepayment of the filing fee. The Clerk is **DIRECTED** to mail Petitioner a copy of the standard forms, marked with the case number of the above-captioned action, that she should use for this purpose.

The Court recognizes that Petitioner appears to be having difficulty obtaining her prison trust fund account information. Attach. 2 to Mot. Proceed IFP 2, ECF No. 2-2. Petitioner is therefore instructed to show the appropriate jail official this Order when she requests this information. If the official still refuses to provide the requested information, Petitioner should notify the Court: (1) the name of the official from whom she requested the certified copy of her trust fund account statement; (2) the date she made such request; and (3) the date that she was notified that the official would not provide the requested documentation. If Petitioner receives notification in writing from the official regarding an inability to provide a certified copy of her prison trust fund account statement, Petitioner should provide the Court with a copy of this notification. Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to submit this information in the event she cannot obtain a certified copy of her prison trust fund account.

4

## CONCLUSION

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast her pleading on the appropriate form and (2) file a proper and complete motion for leave to proceed *in forma pauperis* or pay the full filing fee. While this action is pending, Petitioner must also immediately inform the Court in writing of any change in her mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this case.** There will be no service of process in this case until further order.

**SO ORDERED**, this 17th day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge